United States District Court
District of Minnesota

| | |
|---|---|
| Galen Traylor, | Court file no. _____ |
| Plaintiffs, | |
| v. | **Complaint** |
| Allied Interstate, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## Jurisdiction

1. This action arises out of Allied Interstate, Inc.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), and the intentional invasion of Traylor's personal privacy by Allied Interstate, Inc., in its illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Traylor resides in Minnesota, and Allied Interstate, Inc., is incorporated in and transacts business in Minnesota.

## Parties

4. Plaintiff Galen Traylor is a natural person who resides in Minneapolis, Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Allied Interstate, Inc., ("Allied Interstate") is a Minnesota corporation and collection agency with its mailing address at 435 Ford Road, Minneapolis, MN 55426, and its registered agent, CT Corporation System, at 100 South 5th Street #1075, Minneapolis, MN 55402. Allied Interstate is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

### *Background*

6. In August 2010, Allied Interstate began collecting one or more debts from Traylor that are each a "debt" as defined by 15 U.S.C. § 1692(a)(5).

7. Allied Interstate calls Traylor's home phone excessively and constantly.

8. The calls specifically alleged below are only a sampling of the calls Traylor receives from Allied Interstate. Allied Interstate calls her nearly every day, and usually multiple times per day.

### *Excessive Phone Calls from 888-748-4056*

9. On August 6, 2010, Traylor received 15 phone calls from 888-748-4056.

10. On August 7, 2010, Traylor received 5 phone calls from 888-748-4056.

11. On August 8, 2010, Traylor received 17 phone calls from 888-748-4056.

12. On August 14, 2010, Traylor received 10 phone calls from 888-748-4056.

*Defendant's excessive phone calls constitute a violation of the FDPCA*

13. By making excessive phone calls, Defendant's conduct had the natural consequence of harrassing Traylor, in violation of § 1692d.

14. Defendant's excessive phone calls caused Traylor's phone to ring repeatedly, in violation of § 1692d(5).

*Summary*

15. The above-detailed conduct by Defendant represents violations of multiple provisions of the FDCPA, including, but not limited to, the provisions enumerated in the preceding paragraphs.

16. Traylor has suffered actual damages as a result of Defendant's illegal conduct in the form of neck and shoulder pain, headaches, and emotional distress in the form of stress, family strife, embarrassment, lost sleep, diminished productivity at work, dimished productivity at school, and other negative emotions.

**Respondeat Superior**

17. The callers from Allied Interstate acted within the course and scope of their employment by Allied Interstate at all relevant times, and Allied Interstate is vicariously liable for their intentional and negligent acts and omissions.

## Trial by Jury

18. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692-1692p

19. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

20. The foregoing intentional and negligent acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

21. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Count 2
## Invasion of Privacy by Intrusion Upon Seclusion

22. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

23. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and private concerns or affairs by repeatedly and unlawfully attempting to collect a debt.

24. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding on Plaintiff's right to privacy.

25. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

26. These intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

27. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendant for:

a. statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

c. costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

d. actual damages for the emotional distress suffered as a result of the invasions of Plaintiff's privacy in an amount to be determined at trial; and

such other and further relief as this Court determines just and proper.

**The Glover Law Firm, LLC**

Date: December 21, 2010  *s/Randall P. Ryder*
Randall P. Ryder (#389957)
125 Main Street SE, #250
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.1947
e-mail • email@theglf.com

Attorney for Plaintiff

## Verification

**Galen Traylor**, being duly sworn on oath, deposes and says that she is a Plaintiff in this action; that she makes this verification on her own behalf and under penalty of perjury, being duly authorized to do so; that she has read the foregoing Complaint and knows the contents thereof, and that the same is true to her knowledge, except as to those matters stated on information and belief, and as to those matters she believes them to be true; that the grounds for her knowledge and belief is information derived from her books and records, or written instruments in her possession.

Date: 12/20/10

Galen Traylor

Subscribed and sworn to before me this 20 day of December, 2010.

Notary Public

RANDALL P. RYDER
Notary Public-Minnesota
My Commission Expires Jan 31, 2014